THE STATE OF OHIO, APPELLEE, *v.* FLINN, APPELLANT.

(No. 10630—Decided September 1, 1982.)

*Mr. Lynn Slaby,* prosecuting attorney, for appellee.

*Mr. Edwin C. Pierce,* for appellant.

MAHONEY, P.J. George E. Flinn, defendant-appellant, challenges a trial court order holding him in contempt of court for failure to execute a handwriting exemplar and sentencing him to jail until

he purges himself of the contempt. We affirm.

## Facts

On December 17, 1981, George E. Flinn, defendant-appellant, was indicted for three counts of uttering a false instrument in violation of R.C. 2913.31 (A)(3). The appellant was scheduled to go on trial February 18, 1982. On January 20, 1982, the state obtained a court order requiring Flinn to submit a handwriting exemplar. A copy of said order was sent to defense counsel, and a copy was personally served on Flinn on February 16, 1982.

On February 16, 1982, Flinn was removed from the Summit County Jail to the Akron Police Department for purposes of obtaining the ordered exemplar. Flinn refused to give the handwriting exemplar at that time, requesting the presence of his attorney. Later that same day, Flinn was served with a motion requesting that he be held in contempt of court.

Pursuant to R.C. 2705.03, a hearing was held on said motion on February 18, 1982, before Flinn's scheduled trial. At the conclusion of the hearing the court again ordered Flinn to submit an exemplar, saying:

"* * * Well, whatever has happened in the past the Court wishes to hold in abeyance at least for the moment and advise the defendant that the Court is renewing the previous order to provide a handwriting exemplar and giving the defendant the — ordering him to do so right now and advising him that if he does do so right now the matter of his contempt will be dropped at least so far as this Court is concerned. The defendant's attorney is here. The defendant is here. The examiner of the handwriting is here. And it seems to me that now is the time to do that. * * *"

Flinn again refused. The court found Flinn in contempt of its January 20th order (indirect contempt) and its oral order (direct contempt) and sentenced

him to be imprisoned until he purged himself of the contempt by submitting the handwriting exemplar.

## Law and Discussion
### Assignment of Error I

"Finding the appellant in contempt for failing to give Detective Harbin a handwriting exemplar on February 16, 1982 is against the manifest weight of the evidence and contrary to law."

Contempt is a disregard of, or disobedience to, the orders or commands of a judicial authority. 17 Ohio Jurisprudence 3d 315, Contempt, Section 1. Contempts are classified as direct or indirect. R.C. 2705.01 defines direct contempts as:

"* * * misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

Indirect contempts include:

"Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;" R.C. 2705.02 (A).

To establish contempt, it must be shown that the defendant willfully and for an improper purpose disobeyed a lawful court order. 17 Ohio Jurisprudence 3d 317, Contempt, Section 3.

In the instant case, the court was well within its authority to order Flinn to submit a handwriting exemplar. Flinn was under indictment for uttering; thus, the exemplar is clearly relevant to the elements of the charge. The record contains no indication of harassment or prosecutorial misuse of the judicial system.

In *State* v. *Ostrowski* (1972), 30 Ohio St. 2d 34 [59 O.O.2d 62], paragraph one of the syllabus, the Supreme Court held:

"A handwriting exemplar, used solely for identification purposes, is a mere identifying physical characteristic and, as such, is outside the scope of the Fifth Amendment privilege against self-incrimination, even if the words written are identical to the words contained in a writing directly linked to the crime; and there is no requirement that *Miranda*

warnings be given prior to the giving of such handwriting exemplar."

There is nothing in the record to indicate that the contents of the ordered exemplar were in the nature of testimonial evidence. Thus, the ordered exemplar was a mere identifying characteristic, and Flinn had no right either to have his attorney present or to refuse to give the exemplar. We find that both the written and verbal court orders are lawful.

Flinn argues that he acted in good faith in refusing to submit an exemplar on February 16, honestly believing he had a right to have his attorney present while he gave the exemplar. Thus, according to Flinn, the court erred by finding him in indirect contempt. We do not agree.

Flinn's mental state is a question of fact to be determined by the trial court. Flinn again refused to give the exemplar on February 18, in the presence of his attorney. In this factual context, the court could infer a willful intention to disobey a lawful order and to disturb the administration of justice. The finding of indirect contempt was made after the court had afforded Flinn the procedural safeguards contained in R.C. 2705.03. We find no error.

### Assignment of Error II

"The finding of the appellant in contempt for failing to submit to a handwriting exemplar in open court on February 18, 1982 is without authority and contrary to law."

R.C. 2705.01 is a codification of the court's common-law power to summarily punish a direct contempt. Flinn's February 18 refusal took place in the presence of the judge in open court and delayed proceeding with Flinn's scheduled trial. The trial court did not abuse its discretion in finding Flinn in direct contempt. No further notice or hearing was required.

### Summary

We overrule both of appellant's assignments of error. The judgment is affirmed.

*Judgment affirmed.*

BELL and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.