Luke and Mark Rapp ("the Rapps") appeal the decision of the Ross County Court of Common Pleas refusing to hold Herbert, Dale and Deborah Southers ("the Southers") in contempt of court for widening their easement from sixteen to twenty-two feet. The Rapps contend that they are prejudiced by the trial court's refusal to enforce its previous order, which fixed the width of the easement at sixteen feet. The trial court determined that the Rapps failed to prove that the Southers expanded the width of their easement. Because we find that the trial court's determination was not arbitrary, unreasonable, or unconscionable, we find that the trial court did not abuse its discretion in refusing to hold the Southers in contempt. Accordingly, we affirm the judgment of the trial court.
 I.
The Southers own a landlocked parcel accessible only by an easement that crosses over the properties of the Rapp brothers, Luke and Mark Rapp. The Southers and the Rapps began litigating the width and location of the easement in 1994. At that time, the Southers had installed a twenty-seven foot culvert pipe to support the easement where it crossed a stream known as California Hollow Run. Along the length of the easement, the roadway was approximately sixteen feet wide. At the crossing, the pipe extended approximately five and one-half feet on either side of the roadway. The Southers stacked rocks around the pipe on either side of the roadway to form a sloped support wall.
In 1997, the trial court determined that the Southers were entitled to an easement width of sixteen feet. Southers v. Rapp (Feb. 26, 1997), Ross C.P. No. 94CI103, unreported. The court further determined that in the location where the easement crosses the stream known as California Hollow Run, the Southers were entitled to use the twenty-seven foot culvert pipe and support wall they installed, even though the pipe and wall extended five and one-half feet beyond the easement on both sides. Id. In so holding, the trial court rejected the Rapps argument that the Southers should be forced to construct a vertical support wall confined within sixteen feet.
This court reversed in part, finding that the Southers were entitled only to use an area greater than sixteen feet at the crossing to the extent that area was reasonably necessary for support of the easement.Southers v. Rapp (Mar. 4, 1998), Ross App. No. 97CA2296, unreported. We further determined that evidence supported the trial court's determination that the sixteen-foot easement reasonably required additional width for a support wall on the upstream side at the crossing, as the cost of a vertical support wall was prohibitive. Id. However, we found no competent, credible evidence in the record to support the necessity of additional width or support on the downstream side at the crossing. Id. On remand, the trial court ordered the Southers to remove the five and one-half feet of pipe that extends downstream from the easement. Southers v. Rapp (Sept. 16, 1998), Ross C.P. No. 94C1103, unreported.
The Southers removed five and one-half feet from the culvert pipe, and added steel plates for support at either end of the pipe. They also added rocks for a support wall around the pipe, but confined the rocks between the two steel plates. The rocks are stacked to a height even with the roadway, and the roadway therefore appears to be twenty-two feet wide at the crossing.
The Rapps filed a motion for contempt against the Southers. The Rapps contended that the Southers violated the court's order by expanding the width of the roadway itself to twenty-two feet at the crossing, instead of merely supporting the sixteen-foot roadway with additional culvert pipe width and a sloped support wall on the upstream side.
The trial court held a hearing at which Dale Southers, Deborah Southers, Luke Rapp, and Mark Rapp all testified. The Southers denied that they expanded the roadway and testified that, although the distance between the steel plates marking the ends of the support walls on either side of the culvert pipe is twenty-two feet, the roadway itself is only sixteen feet. The Southers testified that the support wall they constructed from stone and steel plates comprised the remainder of the distance between the steel plates and that, though the support wall appears vertical, it is technically sloped.
The Rapps presented photographic evidence that the roadway widens at the crossing and that the support wall is vertical. The Rapps argued that the trial court permitted the Southers to expand the easement beyond sixteen feet only to construct a sloped support wall, not to widen the roadway and construct a vertical support wall. However, the Rapps did not present any evidence to rebut the Southers' contention that the roadway merely appears to widen due to the support wall. Additionally, the Rapps admitted that they took photographs of the roadway at an angle that tended to exaggerate its apparent width.
The trial court concluded that the Rapps failed to prove that the Southers illegally expanded the width of the easement. The Rapps appeal, and assert the following assignment of error:
 THE TRIAL COURT ERRED IN NOT FINDING THE PLAINTIFFS IN CONTEMPT OF COURT FOR CONSTRUCTING A 22 FOOT WIDE ROADWAY ON A 16 FOOT WIDE EASEMENT.
 II.
Courts possess inherent authority to compel obedience of their lawfully issued orders. Cramer v. Petrie
(1994), 70 Ohio St.3d 131, 133. Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294.
We will not reverse a finding of contempt by a trial court unless that court abused its discretion. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10; Slonev. Slone (Sept. 15, 1999), Pike App. No. 98CA616, unreported. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990), 53 Ohio St.3d 161.
In reviewing a trial court's factual determinations, we will not reverse as long as the record contains some competent, credible evidence supporting the determination. Sec. Pacific Bank V. Roulette (1986),24 Ohio St.3d 17, 20. The trial court is in the best position to judge credibility of testimony because it is in the best position to observe the witness's gestures and voice inflections. Seasons Coal Co. V. Cleveland
(1984), 10 Ohio St.3d 77.
In this case, the Southers testified that they did not expand the easement by constructing a roadway wider than sixteen feet. Rather, they testified that the roadway is sixteen feet wide and that the support wall is six feet wide. The Rapps testified that the roadway is twenty-two feet wide, and they presented photographs to support their position. However, the Rapps did not present any evidence to rebut the Southers' contention that the apparent widening in the photographs is due to the support wall, not the roadway.
The trial court was in the best position to judge the credibility of the witnesses, and it determined that the Rapps' testimony did not prove that the Southers widened the roadway. The Southers' testimony constitutes some competent, credible evidence that the Southers did not widen the roadway or construct a true vertical support wall. Therefore, we will not disturb the trial court's factual determinations.
Additionally, the trial court declined to find that its previous order required the Southers to construct a sloped support wall or that the Southers violated the court's order by constructing a support wall that appears to be vertical. We cannot say that the trial court's determination was arbitrary, unreasonable or unconscionable. Therefore, we find that the trial court did not abuse its discretion in determining that the Southers were not in contempt for constructing a support wall that appears to be vertical but extends the length of the culvert pipe. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Grey, J.*: Concur in Judgment and Opinion.
 ______________________ Roger L. Kline, Presiding Judge
* Lawrence Grey is a retired judge from the Fourth District Court of Appeals, sitting by Assignment.