This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark Sinsky ("Sinsky"), appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, overruling his amended objections to the following decisions of the magistrate: February 10, 2000, May 3, 2000, and September 8, 2000. We affirm.
 I.
This appeal arises out of a divorce that has had a long history in the domestic court. See Sinsky v. Matthews [sic] (Aug. 8, 2001), Summit App. No. 20248, unreported. Sinsky filed a complaint for divorce in March of 1997. The trial court entered a divorce decree on May 29, 1998, which incorporated a separation agreement. One year later, Sinsky moved the trial court for relief from judgment, pursuant to Civ.R. 60(B). The parties also filed numerous motions throughout the proceedings regarding the visitation and custody of their two minor children. On August 8, 2001 this court affirmed the trial court's denial of Sinsky's Civ.R. 60(B) motion for relief from judgment.
Throughout the proceedings, Sinsky filed objections to all of the magistrate's decisions. On November 6, 2000, the trial court allowed Sinsky to file amended objections to the following decisions of the magistrate: February 10, 2000, May 3, 2000, and September 8, 2000, because the trial court had not yet ruled on his previous objections to these decisions. On March 8, 2001, the trial court overruled Sinsky's objections to these three magistrate's decisions and adopted the magistrate's order.
This appeal followed. The assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 REVERSIBLE ERROR IGNORING "CLEAR AND CONVINCING EVIDENCE" STANDARD IN CREDIBILITY EVALUATIONS.
Assignment of Error No. 3:
 REVERSIBLE ERROR NOT PERMITTING PSYCHOLOGICAL EVALUATION FOR "PARENT ALIENATION SYNDROME" CHILD ABUSE.
Assignment of Error No. 4:
 REVERSIBLE ERROR IGNORING THE "GRAVE THREAT" STANDARD AND "CLEAR AND CONVINCING EVIDENCE" STANDARD.
Assignment of Error No. 6:
ERRORS OF LAW IN VIOLATE OF O.R.C. 3109.04(B)(2).
Assignment of Error No. 9:
 REVERSIBLE ERROR NOT PERMITTING PLAINTIFF'S ATTORNEY FOR CHILDREN'S IN-CAMERA INTERVIEWS.
Sinsky's second, third, fourth, sixth and ninth assignments of error are related and will be discussed together. These assignments of error all relate to Sinsky's argument regarding the existence of Parent Alienation Syndrome ("PAS") in his family. Sinsky asserts that based on the existence of PAS in his family the trial court failed to use the clear and convincing standard of proof, violated his rights to confront witnesses and refused to appoint a new Guardian Ad Litem to represent the children.
In Sinsky's first appeal to this court, he assigned as error the trial court's refusal to order a psychological evaluation of his family for PAS. We overruled Sinsky's error regarding the evaluation for PAS because Sinsky "neither pointed to any evidence in the record to support his contention that the trial court abused its discretion in denying his motion for a psychological evaluation of his family, nor [pointed] to any law supporting this assignment of error." Sinsky v. Matthews [sic] (Aug. 8, 2001), Summit App. No. 20248, unreported, at 9.
This court has previously considered the trial court's refusal to order an evaluation to determine the existence of PAS in Sinsky's family, and we have rejected the arguments concerning this issue. This issue, therefore, is res judicata, and Sinsky's second, third, fourth, sixth and ninth assignments of error are overruled.
 III.
Assignment of Error No. 7:
ERRORS OF LAW IN VIOLATE OF O.R.C. 3109.04(B)(3).
Assignment of Error No. 8:
 ERROR IN "ABUSE OF DISCRETION" IN ISSUING INTERNALLY CONFLICTING COURT ORDER.
Assignment of Error No. 10:
 ERROR IN "ABUSE OF DISCRETION" ALLOWING APPELLEE TO MOVE CHILDREN OUT OF SUMMIT COUNTY.
This court notes that Sinsky has failed to set forth a single, legal authority to support his seventh, eighth or tenth assignments of error. In doing so, Sinsky has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Sinsky had the burden of affirmatively demonstrating error on appeal. SeeAngle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)."
This court notes that Sinsky is proceeding pro se. However, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. See Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363
(concluding that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants"). Therefore, Sinsky may not rely upon his lack of representation as an excuse for his failure to submit a brief in compliance with the Appellate Rules and this court's Local Rules. Accordingly, Sinsky's seventh, eighth and tenth assignments of error are overruled.
 IV.
Assignment of Error No. 1:
 REVERSIBLE ERROR ADMITTING BUT NOT CONSIDERING CRUCIAL AUDIOTAPE EVIDENCE.
In his first assignment of error, Sinsky argues that the trial court erred by failing to reference in its decision the audiotape evidence played at the March 22, 2000 hearing. Sinsky asserts that the magistrate "clearly said that she was allowing [the tape's] admissibility" and then failed to reference the audiotape in her decision. We disagree.
At the March 22, 2000 hearing, Sinsky played a portion of an audiotaped conversation between himself and Mathews. Mathews' counsel objected to the admissibility of the audiotape. After a lengthy discussion regarding the edited quality of the tape, the magistrate ruled that Sinsky needed to provide Mathews with the original, unedited tape. Mathews would then be able to make a copy of the original tape and evaluate it for editing. The magistrate held "[w]e're going to have you two, or you three, I should say, work on this project. And you can submit it to me within two weeks, which is April the 5th."
The record does not reflect that the original or a copy of the original, unedited tape was submitted to the court. The record also does not contain the magistrate's ruling on the admissibility of the audiotape evidence after April 15, 2000. In the absence of a submission of the original unedited tape and/or a record of the magistrate's ruling on the admissibility of the portions of the edited audiotape, we find that Sinsky has failed to affirmatively demonstrate his error on appeal. SeeAkron v. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2.
Sinsky's first assignment of error is overruled.
 V.
Assignment of Error No. 5:
ERRORS OF LAW REGARDING CONTEMPT OF DEFENDANT.
In his fifth assignment of error, Sinsky argues that the trial court erred in failing to sanction Mathews an amount greater that $100 for her contempt of court. We disagree.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, 295. The punishment for civil contempt is remedial or coercive in nature and for the benefit of the complainant, i.e., conditional fines and prison sentences. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 139. We cannot reverse a finding of contempt by a trial court unless that court abused its discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11. The term abuse of discretion connotes more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, the trial court found Mathews in contempt for failure to comply with prior companionship orders of the court. Specifically, Mathews took the children to an Indians baseball game on the day of a scheduled visit with Sinsky and prevented Sinsky from seeing his children from October 1998 to December 1998. The magistrate's findings of fact state:
 [t]his lapse was triggered by an incident that terrified the children. When the father discovered after he took the children for a visit that he had no food for them, he became extremely agitated, shouting that they would have to leave because he could not provide for them. He hunted down the mother, found her at the mall, and demanded that she take the children back.
The trial court fined Mathews $100 and provided her the opportunity to purge the contempt and avoid the fine by granting Sinsky one additional day of companionship.
After a careful review of the record, we cannot say that the trial court abused its discretion in sanctioning Mathews $100 with the possibility to purge the contempt for violating the companionship order. Sinsky's fifth assignment of error is overruled.
 VI.
Having overruled Sinsky's ten assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, J., CARR, J. CONCUR.