DECISION AND JUDGMENT ENTRY
Judith Duncan appeals the judgment of the Lawrence County Court of Common Pleas, which adopted the findings of the Magistrate. The trial court found Duncan to be in contempt for failure to pay a child support arrearage. She argues that the trial court erred in finding her in contempt. Because we find that the trial court did not abuse its discretion in finding Duncan in contempt, we disagree. We do not address Duncan's argument that certain future behavior may lead to future contempt charges because no actual controversy exists at this time. Accordingly, we affirm the judgment of the trial court.
 I.
In 1991, Kenneth B. Christian ("Christian") filed for a divorce from Duncan and sought custody of their son, Kenneth W. Christian ("Kenneth"). Duncan counterclaimed, seeking custody of Kenneth. Shortly thereafter, Duncan and Christian entered into a separation agreement, which specified that Christian would receive custody of Kenneth. Duncan agreed to pay child support in the amount of forty-one dollars per week. The separation agreement provided that Duncan must make the child support payments through the Lawrence County Child Support Enforcement Agency ("LCCSEA") and that any child support payments not made through the LCCSEA are gifts.
In May 1991, the trial court granted Duncan and Christian a divorce and incorporated the separation agreement into the divorce decree. The trial court also ordered Duncan to seek work, since she was unemployed at the time of the divorce proceedings. Duncan did not appeal.
In 1997, the LCCSEA began steps to collect unpaid child support owed by Duncan. LCCSEA alleged that Duncan never paid any of the court-ordered support payments and that Christian was an ADC recipient.
Duncan and Christian appeared before a Magistrate on May 14, 1997. Duncan testified that she and Christian agreed that she could pay him directly and that, although she had not given money directly to Christian, she had supported Kenneth by sending care packages to him and by buying him clothing, food, school supplies, sports uniforms, and other things Kenneth needed. A representative from LCCSEA testified to Duncan's arrearages.
In its decision, the Magistrate found that Duncan should continue to pay eighty-six dollars every two weeks and that Duncan was in arrears by $12,918.07 plus $285.57 poundage. The Magistrate reduced this to a lump sum judgment and ordered Duncan to pay an additional fifteen dollars bi-weekly on the arrearage.
Duncan objected to the Magistrate's decision and requested a hearing in front of the Common Pleas Court. On June 26, 1997, the Lawrence County Court of Common Pleas adopted the Magistrate's Decision. On appeal, we upheld the trial court's decision. Christian v. Duncan (May 18, 1998), Lawrence App. No. 97CA31, unreported ("Christian I").
While the appeal was pending, the LCCSEA requested a review hearing given Duncan's changed employment and living circumstances. After a hearing, the Magistrate found that Duncan's current support obligation should be set at $172.06 monthly and granted a lump sum judgment for the current arrearage of $13,992.13 plus $321.70 processing charge and found that Duncan should pay $33.15 per month toward the arrearage. The trial court adopted the Magistrate's order. Duncan did not appeal.
In May 1998, LCCSEA again requested a review hearing. After a hearing, the Magistrate found that because Christian was no longer receiving state benefits and because Duncan and Christian were residing together, Duncan's support obligation should be terminated. The Magistrate restrained Duncan from making any payments toward the arrearage directly to Christian. The trial court adopted the Magistrate's order. Duncan did not appeal.
In December 1998, LCCSEA moved for a hearing on Duncan's payment of the arrearages. After a hearing, at which Duncan did not appear, the Magistrate found that Duncan was in arrears on her child support obligation in the amount of $14,007.83 plus a $328.44 processing charge and granted a lump sum judgment in that amount. The Magistrate ordered Duncan to pay fifty-one dollars per month toward the arrearage. Duncan filed objections to this decision arguing that she had not been properly served. The trial court sustained the objection and overruled the Magistrate's decision. In July 1999, after a hearing at which Duncan was present, the trial court found that Duncan was in arrears on her child support obligation in the amount of $14,007.83 plus a $328.44 processing charge and granted a lump sum judgment in that amount. The trial court ordered Duncan to pay one hundred two dollars per month toward the arrearage through a wage withholding order from her employer. The trial court also found that if Duncan was terminated from her present employment, then the matter would be referred to the Prosecutor's office for an investigation of criminal nonsupport. Duncan did not appeal.
In August 2000, LCCSEA moved for a hearing on the issue of whether Duncan was in contempt of court for failure to pay the child support arrearage as ordered. At this hearing, Duncan's counsel argued that she should not be held in contempt because she had helped raise her son and made sure he had proper care, clothing and medical attention. Duncan testified and stated that although she did not notify LCCSEA of her change in employment, she did notify both the "State and Federal agencies." At the close of the hearing, the Magistrate orally informed the parties of his decision. Before the Magistrate issued a written decision, Duncan appealed the decision that the Magistrate announced at the hearing. We dismissed this appeal because it was not taken from a final appealable order. See Christian v. Duncan (Dec. 17, 2000), Lawrence App. No. 00CA37, unreported.
On October 17, 2000, the Magistrate found that Duncan had failed to provide the court with a reasonable explanation as to why she should not be held in contempt for failing to pay the arrangements as ordered. Accordingly, the Magistrate found Duncan in contempt and sentenced her to ten days in jail and gave Duncan the opportunity to purge her contempt by paying an additional twenty-five dollars and fifty cents per month toward her arrearage. The trial court adopted the Magistrate's order. Duncan timely appealed. In her notice of appeal and her "informal brief," Duncan makes several arguments, but does not assert any assignments of error as required by App.R. 16(A)(3). However, in the interests of justice we will consider her arguments in the absence of assignments of error.
In her brief, Duncan asks us to consider an entry filed by the trial court on February 9, 2001. We cannot consider documents filed after she filed her notice of appeal on January 6, 2001.[1]
 II.
In her brief and notice of appeal, Duncan makes many arguments. For the sake of clarity, we summarize her arguments and consider them each in turn. We will consider Duncan's arguments concerning: (1) the trial court's finding of contempt (2) the threat of future contempt charges if she changes jobs or residences or if she doesn't properly notify the court in certain circumstances.
 A.
We first consider Duncan's argument that the trial court erred in finding her in contempt.
Courts possess inherent authority to compel obedience of their lawfully issued orders. Cramer v. Petrie (1994), 70 Ohio St.3d 131, 133. Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294.
We will not reverse a finding of contempt by a trial court unless that court abused its discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10; Slone v. Slone, (Sept. 15, 1999), Pike App. No. 98CA616, unreported. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin
(1993), 67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161. Furthermore, factual findings supported by some competent, credible evidence will not be reversed. Sec. Pacific Natl.Bank. v. Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr. Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. The trial court is in the best position to judge credibility of testimony because it is in the best position to observe the witness's gestures and voice inflections. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
We first consider Duncan's arguments concerning the amount and validity of the child support arrearages. Duncan asserts that she did not understand the effect of the separation agreement's language concerning child support, that she actually has supported her son in many ways, and that there were mistakes in calculating the amount she owed.
Duncan did not appeal the July 1999 decision by the trial court that she was in arrears on her child support obligation in the amount of $14,007.83 plus a $328.44 processing charge or the lump sum judgment in that amount. Because Duncan failed to appeal this decision, the issues decided by the trial court are now res judicata. See e.g., McDonald v.Ault (June 17, 1998), Ross App. No. 97CA2291, unreported (failure to appeal a Civ.R. 60(B) motion renders issues decided in motion resjudicata). Moreover, we note that by failing to appeal our decision inChristian I, the trial court's decision regarding approximately $12,000 in arrearages became res judicata. Accordingly, we decline to consider her arguments now.
Duncan next argues that neither Christian nor LCCSEA proved at the contempt hearing that she was not supporting her child. Duncan testified that she and Christian agreed that she could pay him directly and that, although she had not given money directly to Christian, she had supported Kenneth by sending care packages to him and by buying him clothing, food, school supplies, sports uniforms, and other things Kenneth needed.
While Duncan did present evidence that she provided some support for Kenneth, she does not dispute that she failed to pay child support pursuant to the court order. A representative from LCCSEA testified to the amount of arrearages. The court below was free to believe all, part or none of the testimony of each witness who appeared before it, including Duncan's testimony concerning her support of Kenneth. See State v.Nichols (1993), 85 Ohio App.3d 65, 76; State v. Harriston (1989),63 Ohio App.3d 58, 63. Given the testimony of the LCCSEA representative and Duncan's admission that she did not pay child support pursuant to the court order, we find that the trial court's finding that Duncan failed to comply with its previous court order was not unreasonable, unconscionable, or arbitrary.
Duncan finally argues that she should not have to pay the child support arrearages because Christian falsified information to receive AFDC payments for which Duncan is being held partially responsible. Duncan did not present any evidence to support her argument at the contempt hearing. Therefore, we cannot consider this argument for the first time on appeal.
We find that the trial court's decision to find Duncan in contempt is not unreasonable, unconscionable, or arbitrary; therefore, we find that the trial court did not abuse its discretion.
 B.
We next consider Duncan's arguments concerning the threat of future contempt charges if she changes jobs or residences or if she doesn't properly notify the court in certain circumstances.
An appellate court's jurisdiction is limited to actual controversies.State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas
(1996), 74 Ohio St.3d 536, 542. We will not issue advisory opinions. Because Duncan has not yet been found in contempt for changing jobs or residences or failing to notify the court, no controversy has arisen. We cannot foresee whether the trial court will be called upon to make and will err in such a determination in the future. Thus, we cannot address her argument.
 C.
We have rejected all of Duncan's arguments. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment and Opinion.
[1] We also note that we have not considered the numerous letters that Duncan sent to the Court and court personnel because they are not part of the appellate record. See App.R. 9(A) ("The original papers and exhibits thereto filed in the trial court * * * shall constitute the record on appeal in all cases.").