DECISION
Plaintiff-appellant, William F. Harper, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying appellant's motion to modify his child support obligation of $1,000.96 per month, finding that appellant was in arrears on his child support obligation in the amount of $13,338.05, and holding appellant in contempt for failing to comply with his child support obligation, holding appellant in contempt for failing to pay $2,934.76 in extraordinary medical expenses incurred by the parties' children, and ordering appellant to pay $4,500 of defendant-appellee, Melissa S. Kuehnl's (formerly Harper) attorney fees.
The parties were married on August 26, 1978, and have two children, William Ryan, born March 22, 1985, and Raymond Cullen, born March 8, 1988. The parties were divorced on May 9, 1990. The final divorce decree designated appellee the residential parent and legal custodian of the two minor children and ordered appellant to pay child support, maintain health insurance for the children, and provide one-half of any extraordinary medical and dental expenses incurred by the children. On July 18, 1995, the parties entered into an agreed upon entry which increased appellant's child support obligation to $1,000.96 per month, and defined extraordinary medical expenses as those exceeding $100 per year per child.
On March 20, 1996, appellant filed a motion seeking a downward modification of his child support obligation based upon a "substantial change of circumstances" arising from his change in employment.
On August 19, 1996, appellee filed a motion for contempt and attorney fees arising from appellant's alleged failure to pay his child support obligation, his portion of the children's extraordinary medical expenses, and to maintain health insurance on the children as required by the divorce decree and agreed entry. On October 16, 1997, appellant filed motions seeking reimbursement of certain medical expenses and a finding that appellee was in contempt for failing to properly submit the children's medical expenses to their insurance provider.
On October 22, 1997 and December 11, 1997, a trial was held before a magistrate on the above motions as well as several other motions not relevant to this appeal. On July 30, 1998, the magistrate filed a decision. On August 13, 1998, appellant filed 25 objections to the magistrate's decision. On December 1, 1999, a hearing was held before the trial court on appellant's objections to the magistrate's decision. On May 8, 2000, the trial court issued a decision overruling 23 of appellant's objections, sustaining two of appellant's objections, which raised issues not relevant to this appeal, and remanding the case to the magistrate for further proceedings. On October 22, 2001, the magistrate issued a decision pertaining to the remanded issues. On November 19, 2001, the trial court filed a final judgment entry in the case. Appellant appeals therefrom assigning the following errors:
"I. THE TRIAL COURT'S DETERMINATION THAT `PLAINTIFF IS VOLUNTARILY UNDEREMPLOYED' IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS AN IMPROPER FINDING AS A MATTER OF LAW.
"A. THE TRIAL COURT FAILED TO MAKE A DETERMINATION WHETHER PLAINTIFF'S CHANGE OF EMPLOYMENT WAS VOLUNTARILY MADE WITH DUE REGARD TO HIS INCOME PRODUCING ABILITIES AND HIS DUTY TO PROVIDE THE CONTINUING NEEDS OF THE CHILDREN CONCERNED.
"B. THE TRIAL COURT ERRED AS A MATTER OF LAW BY PLACING THE BURDEN OF PROOF ON THE PLAINTIFF TO PROVE THAT HE WAS NOT VOLUNTARILY UNDEREMPLOYED.
"II. THE TRIAL COURT ERRED IN FINDING PLAINTIFF GUILTY OF CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT.
"A. THE TRIAL COURT FAILED TO INCORPORATE THE ADMINIS-TRATIVE FINDING OF FACT OF JULY 2, 1996, THAT PLAINTIFF'S SUPPORT ORDER WAS REDUCED TO $262.77 PER MONTH AND THAT THE BALANCE OF THE SUPPORT ORDER WOULD ACCUMULATE AS AN ARREARAGE.
"B. THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF HAD THE ABILITY TO PAY AN ONGOING CHILD SUPPORT ORDER OF $1,000.96 PER MONTH PURSUANT TO THE ONGOING SUPPORT ORDER AND THAT PLAINTIFF HAD THE ABILITY TO PAY AN ADDITIONAL $500.00 PER MONTH PLUS PROCESSING CHARGES ON THE ARREARAGE.
"III. THE TRIAL COURT ERRED IN FINDING PLAINTIFF TO BE GUILTY OF CONTEMPT FOR THE FAILURE TO PAY HIS PORTION OF UNINSURED MEDICAL EXPENSES.
"VI. [sic] THE TRIAL COURT ERRED IN AWARDING DEFENDANT ATTORNEY'S FEES IN THE SUM OF $5,000.00 FOR REASONABLE ATTORNEY'S FEES AND EXPENSES.
"A. THE COURT ERRED IN MAKING A DETERMINATION THAT, PURSUANT TO OHIO REVISED CODE § 3505.18(H), PLAINTIFF HAD THE ABILITY TO PAY THE ATTORNEY'S FEES AWARD.
"B. EVEN THOUGH THERE WAS A DETERMINATION BY THE TRIAL COURT THAT NEITHER PARTY WAS PREVENTED FROM FULLY LITIGATING THEIR RIGHTS AND ADEQUATELY PROTECTING THEIR INTERESTS, IT AWARDED $5,000.00 IN ATTORNEY'S FEES TO THE DEFENDANT, IN ERROR."
Appellant's first assignment of error challenges the trial court's decision to impute income to him for purposes of calculating his child support obligation.
At the time of the trial in this matter, the procedures to be used by a trial court in calculating and awarding child support were set forth in former R.C. 3113.215.[1] In computing child support in accordance with R.C. 3113.215, the trial court was required to determine the annual income of both appellant and appellee. R.C. 3113.215(A)(1) defined "income" to mean either of the following:
"(a) For a parent who is employed to full capacity, the gross income of the parent;
"(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent."
In turn, R.C. 3113.215(A)(5) defined potential income to include:
"* * * [F]or a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed:"
"(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]"
The question of whether a parent is voluntarily unemployed or underemployed is a question of fact to be determined by the trial court based upon the facts and circumstances of the case. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. A trial court's determination regarding whether a parent is voluntarily unemployed or underemployed will not be disturbed on appeal absent an abuse of discretion by the trial court. Id. An abuse of discretion connotes more than an error of judgment; it implies a decision that is without a reasonable basis, and one that is clearly wrong. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The decision to impute income to a parent involves a two-step process. Smith v. Smith (Feb. 10, 2000), Franklin App. No. 99AP-453. First, the trial court must conclude that the parent is voluntarily unemployed or underemployed. Id. If the court so finds, then the trial court must determine the amount of income to impute based on the factors set forth in R.C. 3113.215(A)(5)(a) and the facts and circumstances of the case. Id.
In the present case, the trial court concluded that appellant was voluntarily underemployed and imputed income to him of $36,000, the difference between his current salary and his prior salary. This conclusion was based upon the court's finding that appellant was making $60,000 per year as a salesman of elevator repair and maintenance services for Montgomery KONE ("KONE") when he quit that job in March 1996. At the time of trial, appellant was employed by two companies, Capitol Track and H H Elevators, Inc., both of which are owned by appellant's father and operated by his sister, at a total annual salary of $24,000.
Appellant first contends that the trial court's conclusion that he is voluntarily underemployed is against the manifest weight of the evidence. Specifically, appellant asserts that the trial court's finding that he quit his job with KONE is unsupported by the evidence and that the evidence actually establishes that he was constructively terminated from his employment with KONE. When presented with a manifest weight argument, an appellate court will not overturn a judgment that is supported by some competent, credible evidence going to all essential elements of the case. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Adjudging the credibility of witnesses and weighing the value of their testimony is a task best left to the trier of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
The evidence presented at trial on the issue of whether appellant quit or was fired from his employment with KONE consisted primarily of the competing testimony of appellant and his former boss at KONE, John Reece. Appellant testified that KONE effectively forced him out of his job by decreasing his salary and benefits, making it difficult for him to work, and cutting him off from the normal flow of information in the office. Reece testified that appellant did not come to work on Tuesday, February 6, 1996, but, instead, called him and asked to meet with him. The two men met for lunch, at which time appellant indicated that he did not believe that he could continue to work for KONE, and requested a severance package. Reece urged appellant to remain with KONE, but indicated that he would look into the issue of a severance package. Shortly thereafter, appellant left for a previously scheduled three-week vacation in Florida. On March 2, 1996, following appellant's return from vacation, Reece again met with appellant to discuss his employment situation. At this meeting, Reece offered appellant two options: (1) accepting a modest severance package; or (2) submitting a written statement indicating that he wanted to work for KONE, agree to abide by company policy, and explain how he planned to attempt to resolve his problems with several other KONE employees, and return to work no later than March 4, 1996. Appellant indicated that he wanted to have his lawyer review the severance offer and the meeting ended. Thereafter, appellant never contacted Reece regarding his employment and did not come to work on March 4, 1996. On March 14, 1996, Reece sent appellant a letter indicating that KONE was treating his failure to come to work on March 4, 1996, as a resignation.
Reece's testimony provides ample support for the trial court's conclusion that appellant quit his job with KONE. While appellant's testimony would have supported a finding that appellant was constructively terminated from his employment at KONE, the trial court was free to disbelieve appellant's testimony and to believe Reece's testimony.
Relying on the Second Appellate District's decision in Koogler v. Koogler (July 18, 1997), Montgomery App. No. 16253, appellant next argues that the trial court failed to discuss whether appellant had an objectively reasonable basis for terminating his employment with KONE. In Koogler, the trial court concluded that the father was voluntarily underemployed after he chose to pursue a career as an auctioneer full time following his third layoff from the glass industry in four years. On appeal, the Second District held that in order for a "parent to avoid the imputation of potential income, that parent must show an `objectively reasonable basis' for terminating or otherwise diminishing employment, the reasonableness of which is measured by examining the effect of the parent's decision on the interests of the child." Applying this rule to the facts before it, the court concluded that while the father's decision to leave the glass industry and pursue auctioneering resulted in a decrease in his income, given the father's recent difficulty in maintaining employment in the glass industry and his testimony that he eventually expected to earn as much, if not more as an auctioneer as he had in the glass industry, his decision not to pursue further employment in the glass industry was objectively reasonable, in the sense that it was in the long-term, best interest of the children.
The Koogler decision has no application to the present case. Unlike Koogler, which involved a change of careers following a layoff, there is no evidence here that appellant's decision to quit his $60,000 a year job with KONE and take a $24,000 a year job with his father's companies was in the long-term, best interest of the children. Given the lack of any evidence that appellant's actions were objectively reasonable, the trial court was not required to address the issue.
Appellant's final argument under his first assignment of error is that the magistrate improperly shifted the burden of proof. Specifically, appellant contends that the magistrate required him to prove that he was not voluntarily underemployed, rather than requiring appellee to prove that he was voluntarily underemployed. Initially, we note that appellant did not raise the issue of the burden of proof in any of his 25 objections to the magistrate's decision. It is well-settled that the failure to file an objection to a finding or conclusion contained in a magistrate's decision constitutes a waiver of the issue for purposes of appeal. Still v. Still, Franklin App. No. 01AP-1082, 2002-Ohio-3358; Civ.R. 53(E)(3)(b). Nonetheless, we have reviewed the transcript and have concluded that the magistrate properly placed the burden of proof on appellee to come forward with some evidence that appellant was voluntarily underemployed. Once appellee presented some evidence that appellant had quit his long-term employment and had obtained a much lower paying position, the burden shifted to appellant to show that he was earning up to his potential in the community. Smith, supra.
Appellant's first assignment of error is overruled.
Appellant's second assignment of error first challenges the trial court's finding that appellant was in contempt for failing to pay his child support obligation. Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982),7 Ohio App.3d 294, 295. An appellate court may not reverse a trial court's finding of contempt absent an abuse of the trial court's discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11.
The trial court's finding that appellant was in contempt for failing to pay his court ordered child support rests on a finding that appellant accumulated an arrearage of $13,338.05 on his child support obligation as a result of his failure to pay his $1,000.96 per month child support obligation as required by the agreed upon entry of July 18, 1995. Appellant contends that the trial court erred in finding him in contempt for failing to comply with the agreed upon entry, because the Franklin County Child Support Enforcement Agency ("FCCSEA") issued an order in May 1996 that only required him to pay $263.77 per month in child support.
After appellant quit his job with KONE, he applied for and received unemployment compensation. As a result of the change in appellant's employment status, FCCSEA was required by former R.C. 3113.212 to conduct an investigation to determine appellant's employment and income status. FCCSEA conducted its investigation, and on May 28, 1996 issued an administrative order finding that appellant was unemployed and had no attachable income other than the unemployment compensation he was receiving from the Ohio Bureau of Employment Services ("OBES"), at an annual rate of $15,860. Accordingly, FCCSEA issued an order pursuant to R.C. 3113.21(D)(2)(a) requiring OBES to withhold $262.77 per month from appellant's unemployment compensation for child support as calculated pursuant to the child support enforcement guidelines and worksheet. Appellant filed an objection to FCCSEA's order. On June 28, 1996, a hearing was held before a FCCSEA hearing officer on appellant's objection. On July 1, 1996, the hearing officer issued an order upholding FCCSEA's order. On July 15, 1996, appellee filed a motion with the Franklin County Court of Common Pleas, Division of Domestic Relations, challenging FCCSEA's withholding order and requesting a hearing. The matter was assigned to a magistrate and scheduled for a hearing on November 8, 1996. The matter was subsequently continued, and on March 6, 1997, the matter was ordered consolidated with the parties' other motions that were pending before the court. Accordingly, when the trial court entered final judgment in this matter imputing income to appellant and ordering appellant to pay $1,000.96 per month in child support, the court implicitly overturned the child support order issued by FCCSEA.
Although the trial court ultimately overturned FCCSEA's support order, the order modified the earlier agreed upon support order during the period in which it was in force. Further, appellee does not argue that that appellant failed to comply with FCCSEA's order. Thus, the trial court's conclusion that appellant was in contempt for failing to pay the amount of child support ordered under the agreed upon entry during the period in which FCCSEA's order was in effect constituted an abuse of discretion. However, given the trial court's finding that appellant quit his job with KONE, the trial court could conclude that the difference between what appellant would have paid under the agreed upon child support order and what appellant actually paid under FCCSEA's child support order constituted an arrearage.
Appellant's second assignment of error is sustained.
Appellant's third assignment of error challenges the trial court's conclusion that appellant was in contempt for failing to pay the portion of extraordinary medical expenses for which he was responsible.
The parties divorce decree, filed May 1990, required appellant to pay one-half of all extraordinary medical and dental expenses. However, the decree did not define what constituted an extraordinary medical expense. The agreed upon entry that the parties filed on July 18, 1995 defined extraordinary medical expenses as expenses over $100 per child per year. In addition, the entry required appellant to pay his share of the children's medical and dental expenses within 14 days of the bill being presented to him.
Appellant admits that he did not pay one-half of many of the bills for extraordinary medical expenses which appellee submitted to him, but argues that many of these expenses would not have been incurred if appellee had taken the children to physicians that were in his insurance provider's network and properly submitted the claims. The trial court found that appellant had a good-faith basis for his refusal to pay some of the medical bills submitted to him by appellee. However, because appellant should have paid the bills as submitted and brought the issue of appellee's failure to properly take advantage of the children's insurance coverage to the court's attention rather than unilaterally determining which bills to pay, the trial court concluded that appellant was in contempt for failing to comply with the agreed upon entry requiring him to pay one-half of the children's extraordinary medical expenses. We cannot say that the trial court abused its discretion in reaching this conclusion.
Appellant's third assignment of error is overruled.
Appellant's fourth assignment of error challenges the trial court's decision to order him to pay $4,500 of appellee's attorney fees. Specifically, appellant contends that the trial court failed to make the finding required to award attorney fees under R.C. 3105.18(H).[2]
However, the trial court's decision makes it very clear that the award of attorney fees was made pursuant to R.C. 3109.05(C), rather than R.C.3105.18(H).
R.C. 3109.05(C) provides:
"If any person required to pay child support under an order made under division (A) of this section * * * is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt and, on or after July 1, 1992, shall assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code."
The language in this provision is mandatory and requires a trial court that has found a party in contempt of court for failing to make child support payments ordered pursuant to R.C. 3109.05(A) to order the party in contempt to pay the opposing party's attorney fees which arose out of the contempt proceedings. Khulenberg v. Davis (Aug. 25, 1997), Butler App. No. CA96-07-143.
In the present case, the trial court held appellant in contempt for failing to make court ordered child support payments and for failing to make court ordered payments for the children's medical expenses. Although we have reversed the trial court's contempt order regarding appellant's failure to pay his child support obligation, we have sustained the contempt order regarding appellant's failure to pay his portion of the children's extraordinary medical expenses. Because the child support orders discussed in R.C. 3109.05(A) include payments for a child's medical needs, Khulenberg, supra, once the trial court held appellant in contempt for failing to comply with the court order related to his children's medical expenses, the court was required to order appellant to pay appellee's attorney fees.
Appellant also contends that there is no evidence in the record establishing that appellee incurred $4,500 in attorney fees as a result of her motion for contempt related to appellant's nonpayment of medical expenses. Appellant has waived his right to raise this issue on appeal, as he did not raise it as an objection to the magistrate's decision. Accordingly, we will not address it.
Appellant's fourth assignment of error is overruled.
Having overruled appellant's first, third, and fourth assignments of error, but having sustained appellant's second assignment of error, we affirm the judgment of the trial court in part, reverse the judgment in part, and remand this matter to the Franklin County Court of Common Pleas, Division of Domestic Relations, for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and case remanded.
LAZARUS and KLATT, JJ., concur.
[1] R.C. 3113.215 was repealed effective March 22, 2001. Provisions analogous to those in former R.C. 3113.215 are now contained in various sections of R.C. Chapter 3119.
[2] (a) R.C. 3105.18(H) provides:
(b) "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."