[Cite as *Jerkey v. Croxton*, 2011-Ohio-688.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DANA YERKEY

      Plaintiff-Appellee

-vs-

BEAU CROXTON

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2010 CA 00103

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2007DR01339 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 14, 2011 |


APPEARANCES:

For Plaintiff-Appellee

JEFFREY JAKMIDES
325 East Main Street
Alliance, Ohio  44601

For Defendant-Appellant

DOUGLAS C. BOND
MORELLO & BOND
700 Courtyard Centre
116 Cleveland Avenue NW
Canton, Ohio  44702

*Wise, J.*

{¶1} Appellant Beau Croxton appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which denied his request for modification of his child support obligation. Appellee Dana Yerkey is appellant's former spouse and the child support obligee. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were married in May 2007. One child has been born of the parties. Appellee filed a complaint for divorce on November 2, 2007. The trial court issued a final divorce decree on April 15, 2008. Among other things, appellant was ordered to pay child support of $500.00 per month.[1]

{¶3} On April 8, 2009, appellant filed a motion to modify child support, alleging that his income had recently decreased. On the same day, appellant filed a motion to show cause, alleging he was not being afforded his companionship rights with the child. Both issues proceeded to an evidentiary hearing on October 15, 2009. The magistrate took the matter under advisement, and then issued a written decision on November 12, 2009, denying appellant's motion to modify child support and motion to show cause.

{¶4} Appellant thereupon filed an objection to the magistrate's decision.

{¶5} On February 24, 2010, the trial court conducted a hearing on appellant's objection under Civ.R. 53. On April 6, 2010, the trial court issued a judgment entry approving the decision of the magistrate.

---

[1] In our review of the trial court file, we note a proposed worksheet filed with appellee's original divorce complaint that initially asserted a guideline figure of $665.46 per month. We have been unable to locate a financial affidavit from appellant in connection with his answer to the divorce complaint, which should have set forth his asserted annual income at the time.

{¶6} On May 5, 2010, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶7} "I. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO OVERRULE DEFENDANT/APPELLANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT AND REFUSE TO CONSIDER THE ONLY EVIDENCE BEFORE THE COURT THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED.

{¶8} "II. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO FIND PLAINTIFF/APPELLEE IN CONTEMPT OF THE COURT'S PRIOR ORDER WHEN APPELLEE ADMITTED TO THE VIOLATION."

I.

{¶9} In his First Assignment of Error, appellant contends the trial court erred in declining to modify his child support obligation. We disagree.

{¶10} In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911.

{¶11} In *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266, the Ohio Supreme Court held that in a case where a support order already exists, the test for determining whether child support shall be modified is the 10 percent threshold set forth in R.C. 3113.215(B)(4) (now R.C. 3119.79).

{¶12} In the case sub judice, the magistrate, after hearing the firsthand testimony of appellant and appellee, "[did] not find either party to be credible as witnesses." Magistrate's Decision at 2, paragraph 17, emphasis in original. Appellant testified that he had recently started working for $7.35 an hour for Croxton Realty, an entity affiliated with his parents, doing "maintenance [and] just various different things". Magistrate Hrg. Tr. at 14. Although appellant had brought forward the issue of modification, he failed to produce any 2006, 2007, or 2008 tax returns for the hearing, and he testified that he had forgotten to list several business interests on the financial affidavit he filed with the motion to modify at issue. He also asserted that he was in debt to his parents for "[h]undreds of thousands." Tr. at 46. In turn, appellee testified that she works as a bartender, but was unclear as to her annual cash tip income. See Tr. at 69, 83.

{¶13} Appellant chiefly contends that the trial court improperly rejected his Croxton Realty pay stub, as it was "not subject to a test of credibility." Appellant's Brief at 9. However, we are not persuaded that a finder of fact is bound to accept a pay stub document as proof of total income when it has concluded within its discretion that a child support obligor is not being forthright in toto as to his true financial situation. Upon review, we find no abuse of discretion in this instance in the trial court finding no demonstration of a change in circumstances warranting a modification of child support.

{¶14} Appellant's First Assignment of Error is therefore overruled.

II

{¶15} In his Second Assignment of Error, appellant contends the trial court erred in failing to find appellee in contempt of court. We disagree.

{¶16} Contempt has been defined as the disregard for judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 455 N.E.2d 691. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Wadian v. Wadian*, Stark App.No. 2007CA00125, 2008-Ohio-5009, ¶ 12, citing *In re: Mittas* (Aug. 6, 1994), Stark App.No. 1994 CA 00053.

{¶17} Interference with visitation is typically redressed in family courts via civil contempt. See, e.g., *Montgomery v. Montgomery*, Scioto App.Nos. 03CA2923, 03CA2925, 2004-Ohio-6926, ¶ 13, citing *Mascorro v. Mascorro* (Jun. 9, 2000), Montgomery App. No. 17945. "A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Townsend v. Townsend*, Lawrence App. No. 08CA9, 2008-Ohio-6701, ¶ 27, citing *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 472 N.E.2d 1085.

{¶18} In the case sub judice, the magistrate found that law enforcement officers had to be contacted on at least one occasion because of appellee's "alleged failure" to make the parties' child available for visitation. Magistrate's Decision at 2, paragraph 15.

This relates to appellee's admission at the hearing that she had left the child with her mother one evening (rather than with appellant) while she worked at her bartending job. See Tr. at 81. The magistrate also found that appellee had moved in with her boyfriend and "allegedly did not inform [appellant] of where she and the child were living." Magistrate's Decision at 2, paragraph 16.

{¶19} The magistrate's decision, which was approved by the trial court, was based on her conclusion that there was no showing of "intentional denial" of visitation time by appellee. Magistrate's Decision at 5. Pursuant to *Townsend* and *Pugh*, supra, the magistrate arguably overemphasized the aspect of intentionality. Nonetheless, given the court's credibility assessments of the parties and the limited instances of visitation interference brought out in the record, we hold the trial court could have properly found, within its discretion, that appellee's actions had not risen to the level of disrespect, embarrassment, or obstruction toward the court's functioning so as to warrant a contempt finding. *Windham Bank*, supra.

{¶20} Appellant's Second Assignment of Error is therefore overruled.

{¶21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0201

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DANA YERKEY                                   :
                                             :
    Plaintiff-Appellee                      :
                                             :
-vs-                                         :            JUDGMENT ENTRY
                                             :
BEAU CROXTON                                 :
                                             :
    Defendant-Appellant                     :            Case No. 2010 CA 00103


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

        Costs assessed to appellant.


                                      _____

                                        _____

                                        _____

                                              JUDGES