OPINION JUDGMENT ENTRY
{¶ 1} Appellant Joseph Smith appeals the decision of the Licking County Court of Common Pleas concerning the imposition of consecutive sentences and the timing of the hearing to determine his sexual offender status. The following facts give rise to this appeal.
 {¶ 2} On December 11, 2003, appellant pled guilty to two counts of unlawful sexual contact with a minor. On January 14, 2004, appellant appeared before the trial court, for a bench trial, on one count of felony theft. At the bench trial, the trial court found appellant guilty of the lesser charge of misdemeanor theft.
 {¶ 3} Thereafter, on the same day, the trial court sentenced appellant to three years, on each count of unlawful sexual contact with a minor, to be served consecutively. The trial court also imposed a six-month sentence on the misdemeanor charge to be served concurrently with the felony sentences.
 {¶ 4} Subsequently, on January 16, 2004, the trial court conducted a hearing to determine appellant's sexual offender status. The trial court found appellant to be a sexually-oriented offender. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The trial court erred when it sentenced the appellant to consecutive sentences.
 {¶ 6} "II. The trial court erred when it classified the appellant as a sexually oriented offender as it lacked jurisdiction under the statute."
 I {¶ 7} In his First Assignment of Error, appellant maintains the trial court erred when it sentenced him to consecutive sentences. We disagree.
 {¶ 8} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court discussed consecutive sentences and stated:
 {¶ 9} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find
that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find
the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." (Emphasis sic.) Id. at ¶ 13.
 {¶ 10} The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} Thus, the Court concluded, in Comer, that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer at paragraph one of the syllabus.
 {¶ 15} We have reviewed the transcript of the sentencing in this matter. The transcript provides, in pertinent part:
 {¶ 16} "So, Mr. Smith, the Court has considered the purposes and principles of sentencing set out under Section 2929.11 of the Revised Code, the purpose being to punish you and protect the public from future crime. The Court has considered the need for incapacitation, deterrence, rehabilitation and restitution. The Court has considered the seriousness factors set out under2929.12, as well as recidivism factors, and, to be honest, there really are no lesser recidivism factors likely here and none of the less serious factors, as opposed to your relationship to the victim on the two felony offenses; for suffering psychological harm; and your pattern of drug and alcohol; lack of having responded favorably; and history of criminal offense. The Court notes you have served a prior prison term. The Court notes you have two other outstanding charges pending and you appear to be finishing your obstruction charge.
 {¶ 17} "On that basis, Mr. Smith, on each of the two unlawful sexual conduct with a minor charges, I'll impose sentences of three years. I'll order that those sentences be served consecutively, the Court finding that necessary to protect the public, as well as to punish you, and are not disproportionate to the conduct and the danger the offender poses. Your criminal history shows that consecutive terms are necessary to protect the public, as well as your other criminal charges." Tr. Sentencing Hrng., Jan. 14, 2004, at 43-44.
 {¶ 18} Appellant maintains this analysis by the trial court is insufficient because there was no attempt to align the specific rationale with the specific findings. Appellant claims the trial court merely recited his prior criminal convictions, but did not relate it to the statutory provision regarding criminal history. Appellant also contends the record contains no evidence to support the trial court's findings regarding his relationship with the victim, the psychological harm suffered by the victim or his history of drug abuse.
 {¶ 19} We have reviewed the sentencing transcript and conclude the trial court complied with the Comer decision. The trial court made the required statutorily enumerated findings under R.C. 2929.14(E)(4) and gave its reasons for supporting these findings based upon evidence presented at trial and the pre-sentence investigation report. Although the trial court may not have supported each statutory finding, with evidence, immediately after making the finding, the trial court did include the grounds to support its findings. This is sufficient to comply with the Comer requirements.
 {¶ 20} Appellant's First Assignment of Error is overruled.
 II {¶ 21} Appellant maintains, in his Second Assignment of Error, the trial court did not have jurisdiction to classify him as a sexually oriented offender because it conducted the sexual offender status hearing after his sentencing, in violation of R.C. 2950.09(B)(2).[1] We disagree.
 {¶ 22} This statute provides, in pertinent part:
 {¶ 23} "Regarding an offender, the judge shall conduct the hearing required by division (B)(1)(a) of this section prior to sentencing and, if the sexually oriented offense for which sentence is to be imposed is a felony and if the hearing is being conducted under division (B)(1)(a) of this section, the judge may conduct it as part of the sentencing hearing required by section2929.19 of the Revised Code. * * *"
 {¶ 24} The Ohio Supreme Court addressed this issue in Statev. Bellman, 86 Ohio St.3d 208, 1999-Ohio-95. The Court held the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. Specifically, the Court stated:
 {¶ 25} "* * * [T]he language of R.C. 2950.09(B)(1) `does not establish that its time periods are for anything other than convenience and orderly procedure,' [citation omitted], and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' [citations omitted.]. The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing." Id. at 210-211.
 {¶ 26} In the case sub judice, prior to conducting the classification hearing, defense counsel objected claiming the trial court lacked jurisdiction. Tr. Sexual Offender Status Hrng., Jan. 16, 2004, at 3-4. The trial court overruled appellant's objection on the basis that the sentencing judgment entry from January 14, 2004, had not been filed. Id. at 4-5. Thus, the trial court concluded that it had jurisdiction to conduct the sexual offender status hearing.
 {¶ 27} We agree with the trial court's conclusion as it is axiomatic that, in Ohio, a court speaks through its journal.State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. Accordingly, the trial court had jurisdiction to conduct the sexual offender status hearing because the sentencing judgment entry was not filed prior to the sexual offender status hearing. Further, even though defense counsel objected, as noted in Bellman, this requirement is not jurisdictional.
 {¶ 28} Appellant's Second Assignment of Error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Cost assessed to Appellant.
[1] Effective July 31, 2003, the statutory provision challenged by appellant, in his Second Assignment of Error, is contained in R.C. 2950.09(B)(2).