OPINION
{¶ 1} Plaintiff-appellant, Frank Ash, appeals from a Columbiana County Common Pleas Court decision determining the amount of interest he owes on a property settlement to defendant-appellee, Tammy Ash.
 {¶ 2} The parties were divorced on February 3, 2003. As part of the property settlement, the trial court awarded appellant sole ownership of the parties' business and real estate. The court further ordered appellant to pay appellee $132,481.57 for the property settlement. It instructed appellant to make quarterly payments of no less than $5,000 to appellee until the balance was paid in full to satisfy the property settlement. The court's payment schedule called for appellant to make the payments on the first of January, April, July, and October with a ten-day grace period. The court further ordered that if appellant was late by more than the grace period, then interest would accrue on the remaining balance at ten percent until the balance was paid in full.
 {¶ 3} On December 17, 2003, appellee filed a motion for judicial determination that interest was due. In it she alleged, among other things, that appellant was 12 days late making his April 1, 2003 payment to her and 15 days late making his October 1, 2003 payment to her. She asked that the court issue an order declaring interest due on the property settlement.
 {¶ 4} The trial court held a hearing on the motion. At the hearing, appellant admitted making both the April and October payments past the ten-day grace period. (Tr. 9-10). He attributed the first late payment to appellee's attorney's law office being closed on the weekend and the second late payment to his mistaken belief that he had a 15-day grace period. (Tr. 10). However, he agreed that the payment was late. (Tr. 19). He also testified that he made his January 1, 2004 payment late. (Tr. 11). He stated that this payment was late because he did not have the funds available on time and appellee refused to go to the bank to co-sign a line of credit to get the payment on time. (Tr. 11-12). Appellant's attorney argued that the divorce decree should not be construed so as to calculate interest on the entire balance due on the settlement, but only on the late payment. He argued that to give appellee interest on the entire remaining balance would grant appellee an inequitable windfall that was not contemplated by the property settlement in the divorce decree.
 {¶ 5} In its February 23, 2004 judgment entry, the court concluded that appellant had no justifiable reason for his late payments. It found that appellant was late on his first payment, due April 1, 2003. Appellant did not make the payment until April 12, 2003, two days past the grace period. Since appellant was late on his first payment, this triggered the interest provision of the divorce decree. Therefore, the court ordered that appellant pay ten percent interest on the remaining balance of the property settlement and that his quarterly payments go first to interest with the balance to principal. It noted that the decree did not require the amount of the payments to increase.
 {¶ 6} Appellant filed a notice of appeal on March 19, 2004.
 {¶ 7} Initially, we must address appellee's allegation that appellant's appeal is untimely. Appellee asserts that appellant should have filed an appeal from the divorce decree if he wished to challenge the interest provision. She argues that since he failed to do so, all of his assignments of error are waived. On the other hand appellant claims that he had no right to appeal from the divorce decree on the issue of interest assessment until he was actually ordered to pay interest. He alleges that until the court ordered him to pay interest in the February 23 judgment entry, the interest provision in the divorce decree was interlocutory.
 {¶ 8} Appellee's allegation of untimeliness applies to some of appellant's assignments of error but not all of them. Appellant makes several allegations of error including: (1) that the imposition of interest is an improper contempt sanction; (2) that the imposition of interest violates R.C. 3105.171(C)(1) and (I); (3) that the trial court should have considered his ability to pay the interest before imposing it; and (4) that R.C. 1343.03(A) does not allow the court to impose interest in this case. Each alleged error must be viewed separately to determine whether the issue appellant raises should have been addressed in an appeal from the divorce decree.
 {¶ 9} While appellant contends that his right to appeal the interest portion of the divorce decree did not arise until the court ordered him to pay the ten percent interest, this issue was ripe for review once the court entered the divorce decree. The divorce decree was a final appealable order. Therefore, appellant should have appealed the interest provision of the property settlement at the time of the divorce.
 {¶ 10} This case can be analogized to a similar situation in criminal cases. For instance in State v. Baker, 152 Ohio App.3d 138,2002-Ohio-7295, this court was faced with an appellant who was originally sentenced to 18 months in prison, suspended, and five years of community control with certain terms and conditions. The appellant did not appeal from the sentencing judgment. Appellant violated his probation and the trial court re-imposed the 18-month prison sentence. The appellant appealed from that judgment. He argued that the trial court erred in imposing a maximum sentence. This court concluded that appellant should have raised the issue on a direct appeal from the original sentencing judgment. We noted:
 {¶ 11} "Because the trial court actually imposed the eighteen-month prison sentence on November 4, 1999, appellant should have appealed the sentence at that time. Appellant could have argued in a direct appeal that the eighteen-month maximum prison sentence should not or could not have been imposed, or that the felony sentencing factors were not considered when the court imposed the prison term in the first place. In other words, the issues now being argued by appellant could have been, and should have been, argued in a previous appeal." Id. at ¶ 22.
 {¶ 12} We are now faced with a similar situation. In the divorce decree, the trial court ordered that appellee's share of the property settlement was $132,481.57, which appellant was to pay to her in quarterly installments of not less than $5,000 until paid in full. The decree continued:
 {¶ 13} "Providing said payments are made in a timely manner and directed to [appellee's attorney], no interest shall be due. However, should Plaintiff be delinquent in any payment more than ten (10) days, interest shall accrue on the remaining balance due Plaintiff at the judgment rate of 10% until the entire remaining balance has been paid in full."
 {¶ 14} Thus, the trial court imposed interest in the event that appellant was more than ten days late on any payment. The decree states that interest shall accrue if appellant is more than ten days late in his payments. It does not leave any uncertainty on the part of the parties or any discretion for the court. Therefore, appellant's assignments of error that attack the content of the interest provision and whether the court erred in including it in the divorce decree appear to be waived. We will examine each assignment of error in turn with this in mind.
 {¶ 15} Appellant raises four assignments of error, the first of which states:
 {¶ 16} "The imposition of interest at the rate of ten percent per annum for failure to obey the order of the court is a violation of ohio revised code section 2705.05."
 {¶ 17} Appellant asserts that the trial court's provision in the divorce decree for interest on the property settlement was meant as a sanction in the event he violated the court's payment schedule. He argues that such a sanction is prohibited by R.C. 2705.05. R.C. 2705.05 sets out the procedure for contempt hearings and penalties for those found to be in contempt of a court order. Since R.C. 2705.05(A)(1) provides that for a first offense the court may impose "a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both," appellant contends the court could not order interest on the property settlement as it did. Appellant cites toDombroski v. Dombroski (Sept. 28, 1999), 7th Dist. No. 506, which he argues held that the modification of a property division order is not an available sanction under R.C. 2705.05(A). Appellant further argues that to impose interest as the trial court did is contrary to equity. He notes that under the court's award of interest, he will end up paying appellee $219,937.52 instead of the $132,481.57 settlement and it will take him 11 years to satisfy the judgment instead of the original 6.62 years.
 {¶ 18} In this assignment of error, appellant argues that the court could not order interest as a sanction for late payment. When the court entered the divorce decree, appellant was made aware of what would happen should he be untimely on his payments — "interest shall accrue on the remaining balance." He now argues that the interest provision is invalid pursuant to R.C. 2705.05. This issue should have been raised in a direct appeal from the divorce decree.
 {¶ 19} However, appellant would not prevail even considering the merits of this assignment of error.
 {¶ 20} As appellee points out, she did not file a motion to hold appellant in contempt. Nor did the trial court find that appellant was in contempt of court. Both appellee and the trial court appear to have treated this situation as simply declaring the terms of the divorce decree. In Dombroski, supra, on which appellant relies, the wife filed a motion to hold the husband in contempt and the court actually held the husband in contempt. Furthermore, in Dombroski, the trial court ordered the husband to transfer one half of the martial residence to the wife as a sanction for his contempt. This court found the husband's allegation that the sanction was improper to be without merit. We relied in part onCincinnati v. Cincinnati District Council 51 (1973), 35 Ohio St.2d 197,207-208, 299 N.E.2d 686, where the Supreme Court observed:
 {¶ 21} "`It is * * * highly doubtful that the General Assembly may properly limit the power of a court to punish for contempt. Although it is conceded that the General Assembly may prescribe procedure in indirect contempt cases, the power to punish for contempt has traditionally been regarded as inherent in the courts and not subject to legislative control. * * * The Courts of Common Pleas are established by Section 1 of Article IV of the Ohio Constitution not by the General Assembly, and, hence, are co-equal branches of the government. Those courts are vested with the judicial power of the state, which includes the power to enforce lawful orders by contempt proceedings.'"
 {¶ 22} An appellate court may not reverse a trial court's decision as related to contempt proceedings absent an abuse of discretion. Flauto v.Flauto (April 29, 1999), 7th Dist. No. 97-CA-65. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary or, unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. It would be reasonable to conclude that the trial court acted within its power to enforce its lawful order when it instructed appellant to pay interest in accordance with the divorce decree.
 {¶ 23} Thus, appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error states:
 {¶ 25} "The imposition of interest on the property settlement as a sanction for a late payment violates Ohio Revised Code Section 3105.171(i) and Ohio Revised Code Section 3105.171(C)(1)."
 {¶ 26} Appellant contends that when the trial court issued the divorce decree it specifically decided not to impose interest on the property settlement. He asserts that the trial court found that a property settlement of $132,481.57 to appellee was an equal division of property. Appellant contends that the trial court could not modify this property settlement. Citing, R.C. 3105.171(I).
 {¶ 27} Once again, if appellant wanted to challenge whether the court could impose interest if he made late payments, he should have filed an appeal from the divorce decree. But even if his appeal on this assignment of error was timely, it does not have merit.
 {¶ 28} R.C. 3105.171(C)(1) provides that a division of martial property should be equal and where an equal distribution would be inequitable, then the division should be in a manner the court determines equitable. R.C. 3105.171(I) provides, "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
 {¶ 29} Generally, whether to award interest upon obligations arising out of the division of marital property is within the trial court's discretion. Koegel v. Koegel (1982), 69 Ohio St.2d 355, syllabus,432 N.E.2d 206. Here it was within the court's discretion to award appellee interest in the event that appellant was late in making a payment. The court did not modify its order from the divorce decree. The decree was clear that if appellant was late in making a payment, this would trigger the interest provision. Thus, appellant's second assignment of error is without merit.
 {¶ 30} Appellant's third assignment of error states:
 {¶ 31} "The trial court abused its discretion in awarding 10% interest on the unpaid balance of the property settlement without taking into consideration the appellant's ability to pay."
 {¶ 32} Here appellant argues that the court should have taken into consideration his ability to pay his new obligation. He notes that at the divorce hearing, the court estimated his salary at $47,500. Appellant also notes that the court had concerns about his ability to make the payments. And appellant points out that at the hearing on appellee's motion, he presented evidence that he had to use a line of credit to make one of his quarterly payments to appellee, thus demonstrating he did not have any extra money.
 {¶ 33} Yet again, if appellant thought that the ten percent interest was too high, the proper time to challenge it would have been on direct appeal from the divorce decree.
 {¶ 34} Furthermore, as appellee notes, the trial court merely enforced the terms of the divorce decree. A trial court cannot modify or amend a distributive award incident to a divorce or dissolution decree. R.C.3105.171(I). It may only clarify and construe its original property division in order to effectuate its judgment. Bush v. Bush, 12th Dist. No. CA2002-05-131, 2003-Ohio-2781, at ¶ 26. Therefore, even if appellant had filed a timely appeal on this issue, the trial court would not have been able to reduce the amount appellant owed based on his ability to pay. Thus, appellant's third assignment of error is without merit.
 {¶ 35} Appellant's fourth assignment of error states:
 {¶ 36} "Ohio revised code section 1343.03(a) does not operate to impose interest on the monetary judgment in this case."
 {¶ 37} Appellant argues that the trial court's award of interest after he was late in making payments violates the intent of R.C. 1343.03(A), which provides in pertinent part:
 {¶ 38} "In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 39} Appellant argues that the trial court could only award interest on the sum that was due and late and only for the time period that it was late. He argues that pursuant to R.C. 1343.03(A), the imposition of interest can only apply to the amount that is due for that payment, not the entire balance of the judgment.
 {¶ 40} This assignment of error is properly raised at this time. The first three assignments of error challenged the fact that the interest provision was in the divorce decree or the content of the provision. This assignment of error, however, attacks the interpretation of the interest provision. This issue would not arise until the provision was enforced. Thus, we will consider the merits of this assignment of error.
 {¶ 41} The Ohio Supreme Court has held that whether to award interest upon obligations arising out of the division of marital property is within the trial court's discretion. Koegel, 69 Ohio St.2d at the syllabus,432 N.E.2d 206. However, the Court stopped its analysis short of analyzing R.C. 1343.03. It commented:
 {¶ 42} "Whether R.C. 1343.03 is applicable to cases involving the division of marital property is a question we need not resolve. R.C.1343.03 is applicable only to obligations that are due and payable, and the obligation here will not become due and payable until the occurrence of a future event." Id. at 356-57.
 {¶ 43} Since Koegel, some appellate courts applied R.C. 1343.03 in cases involving the division of marital property, Warner v. Warner (Feb. 27, 1998), 6th Dist. No. WD-97-095; Woloch v. Foster (1994),98 Ohio App.3d 806, 649 N.E.2d 918, while others have not. Hingsbergenv. Kelley, 12th Dist. No. CA2003-02-028, CA2003-02-045, 2003-Ohio-5714.
 {¶ 44} The benefit to appellant of finding that R.C. 1343.03(A) applies to this case is that if it did apply, then potentially appellant would only owe interest on the amount of the late quarterly payments instead of on the entire remaining balance of the property settlement.
 {¶ 45} But R.C. 1343.03 does not apply here. Appellee did not attempt to get an interest order based on statute. Instead, she filed a motion to enforce the interest provision that was already a part of the divorce decree. And as we noted previously, whether to award interest on a property settlement is within the trial court's discretion. Koegel,69 Ohio St.2d at 357. We cannot find here that the trial court abused its discretion in awarding interest on the property settlement.
 {¶ 46} Thus, appellant's fourth assignment of error is without merit.
 {¶ 47} For the reasons stated above, the trial court's decision is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.