OPINION
{¶ 1} Appellant Constance J. Spencer appeals from a post-decree decision in the Muskingum County Court of Common Pleas, Domestic Relations Division. Appellee Dean N. Spencer is appellant's former husband. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on April 2, 1972. Four children were born of the marriage, all of whom are now emancipated. On July 14, 1986, the trial court issued a judgment entry of dissolution and an incorporation of the parties' separation agreement. Included in said separation agreement was a provision that appellant would have exclusive use and occupancy of the marital residence in White Cottage, Ohio, until the parties' youngest child turned eighteen and graduated from high school, with additional rights and obligations further outlined in Section "L.1" of said agreement.
 {¶ 3} On June 11, 2003, pursuant to Section L.1, appellee filed a motion with the trial court seeking an order of sale and division of equity pertaining to the parties' former marital residence. However, on July 30, 2003, appellant filed a motion to show cause, seeking a contempt finding against appellee for his alleged failure to comply with the court's requirements for payment of the parties' children's medical expenses. A hearing was conducted before the magistrate on September 30, 2003. On January 5, 2004, the magistrate issued his decision denying appellant's contempt motion and granting appellee's motion for the sale of the marital residence. Appellant thereupon timely objected pursuant to Civ.R. 53. On September 7, 2004, the trial court issued a judgment entry overruling appellant's objection and adopting the decision of the magistrate.
 {¶ 4} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO INDEPENDENTLY REVIEW APPELLANT'S OBJECTIONS WITH REGARD TO APPELLEE'S MOTION TO SELL THE RESIDENTIAL PROPERTY. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO INDEPENDENTLY REVIEW APPELLANT'S OBJECTIONS WITH REGARD TO APPELLANT'S MOTION TO VOID THE OCTOBER 16, 1991 JUDGMENT ENTRY.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT REJECTING THE MAGISTRATE'S DECISION THAT FOUND APPELLEE NOT TO BE IN CONTEMPT OF COURT."
 I. {¶ 7} In her First Assignment of Error, appellant argues the trial court committed reversible error by allegedly failing to independently review her objections to the magistrate decision. We disagree.
 {¶ 8} Civ.R. 53(E)(4)(b), which addresses the disposition of objections, reads in pertinent part as follows: "The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *."
 {¶ 9} Appellant cites DeSantis v. Soller (1990), 70 Ohio App.3d 226, for the proposition that a trial court must conduct an independent review in ruling on objections to a magistrate's decision. In Rhoads v. Arthur
(June 30, 1999), Delaware App. No. 98CAF10050, this Court held that even though DeSantis was decided prior to the 1995 amendments to Civ.R. 53, the requirement remained that the trial court must make a de novo review of the law and facts which were before the magistrate when making a disposition of objections. However, this Court, as well as others in Ohio, have also recognized the axiom that a court speaks through its journal. See, e.g., State v. Smith, Licking App. No. 04CA9, 2004-Ohio-3743, ¶ 27, citing State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. See, also, Hackman v. Farmers InsuranceExchange, a/k/a Farmers Insurance Group of Companies, Alex N. Sill Co.
(Dec. 7, 1995), Franklin App. No. 95APE05-637, citing State v. King
(1994), 70 Ohio St.3d 158, 162. In the case sub judice, the trial court stated in pertinent part as follows in the judgment entry under appeal:
 {¶ 10} "The Court has reviewed the transcript of the hearing as provided by Constance J. Spencer in support of her objections and, upon review of said transcript of the hearing, the Court finds the decision of the Magistrate is supported by the facts in evidence and is legally correct.
 {¶ 11} "IT IS THEREFORE ORDERED that the Objection to Magistrate's Decision of Constance J. Spencer be overruled and that the decision filed January 5, 2004, be adopted as the Court's final judgment entry." Judgment Entry, September 7, 2004, at 1.
 {¶ 12} Accordingly, we find no merit in appellant's claim that the trial court did not conduct an independent review of her objections to the magistrate's decision. Appellant's First Assignment of Error is overruled.
 II. {¶ 13} In her Second Assignment of Error, appellant argues the trial court erred in declining to find appellee in contempt. We disagree.
 {¶ 14} Contempt has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, 455 N.E.2d 691. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. Contempt may be either direct or indirect. In re Purola (1991),73 Ohio App.3d 306, 310, 596 N.E.2d 1140. "Contempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." Purola at 311, 596 N.E.2d 1140. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. In re Mittas (Aug. 6, 1994), Stark App. No. 1994CA00053. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} In the case sub judice, appellant alleged in her contempt motion that appellee had failed to maintain health insurance for the parties' children and had failed to pay for the children's uncovered medical expenses. The original 1986 separation agreement required appellee to maintain health insurance for the children, to pay all reasonable health, hospitalization, and optical expenses, and for the parties to share in any uncovered reasonable dental expenses. On October 16, 1991, the court modified its prior orders regarding the children's health care. The trial court ordered each party to provide group health insurance for the children when such coverage would become available at a reasonable cost. Further, appellant was to pay the first $50 in uncovered medical, dental, and optical expenses per each calendar year, with the remaining uncovered expenses to be paid twenty percent by appellant and eighty percent by appellee.
 {¶ 16} The record reveals appellee admitted he had never provided health insurance subsequent to the decree of dissolution. However, the trial court concluded that appellant "presented no evidence, other than her less-than-convincing testimony, that she ever informed [appellee] of the children's medical expenses." Magistrate's Decision at 4. The court therefore refused to find appellee in contempt for nonpayment of "expenses for which he was not aware." Id. Upon review of the record in this matter, we are disinclined to substitute our judgment on this question for that of the court which actually tried the contempt motion.[1] In addition, further complicating this matter, the record suggests appellant filed for Chapter 13 bankruptcy on two occasions in the years subsequent to the dissolution. We reiterate, noting the magistrate's incertitude as to the credibility of appellant's testimony, that a trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. See Seasons Coal Company v. Cleveland (1984),10 Ohio St.3d 77.
 {¶ 17} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant also challenges the validity of the October 16, 1991 modification of the health care provisions, vis-á-vis the original provisions in the separation agreement. It appears these 1991 changes were brought about pursuant to the adoption of an administrative modification initiated by the Muskingum County Child Support Enforcement Agency. See former R.C. 3113.216. Although we are urged to review the question of appellant's service of process regarding this modification, we find the issue moot based on our above holding.