OPINION *Page 2 
{¶ 1} Appellant Augustine F. Wadian appeals a finding of contempt of court rendered against him by the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Robin Wadian is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on July 4, 1993. Two children were born of the marriage: Austin, born in 1992, and Cheyanne, born in 1995. The parties were divorced in the Stark County Court of Common Pleas, Domestic Relations Division, on October 13, 2006. The decree mandates, inter alia, that appellant pay appellee $120,000.00 "as and for a complete property settlement, as soon as is practicable upon the filing of [the] decree, and not to exceed seven days."
 {¶ 3} On December 11, 2006, appellee filed a motion to enforce the decree and for a restraining order. On January 4, 2007, the trial court ordered that appellant pay appellee all required funds within fourteen days. Appellant thereupon paid $20,000.00 toward the $120,000.00 property settlement.
 {¶ 4} On February 8, 2007, appellee filed a motion to show cause, particularly as to the sum of $100,000.00 remaining owed her on the property settlement. The court conducted a hearing on April 5, 2007.
 {¶ 5} On April 6, 2007, the trial court issued a judgment entry, holding in pertinent part as follows:
 {¶ 6} "The Deft. is found guilty of contempt. The Deft. is sentenced to 30 days in the Stark County Jail. Augustine Wadian is ordered to report to the Stark County Jail on May 9, 2007 at 8:30 AM to commence his 30 day sentence. However, the Deft. Is *Page 3 
entitled to purge this contempt finding which would result in the Court vacating the jail sentence provided that he pay to the Plt. the sum of $108,224.29 which includes the unpaid property settlement plus statutory interest, $2,000 attorney fees, medical bill of $510 and finance charges incurred by the Plt. as a result of Deft's non-payment in the amount of $1,047.62". Judgment Entry, April 6, 2007, at 1.
 {¶ 7} Appellant filed a notice of appeal on May 4, 2007. He herein raises the following three Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF DEFENDANT-APPELLANT HUSBAND, IN FINDING HIM IN CONTEMPT FOR FAILURE TO PAY WIFE APPROXIMATELY $100,000 WHEN HUSBAND HAD MONEY ESCROWED AND WIFE FAILED TO FOLLOW THROUGH ON PURCHASE AGREEMENT FOR THE HOUSE.
 {¶ 9} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF DEFENDANT-APPELLANT HUSBAND, IN FINDING WIFE WAS INJURED BY ACCUMULATED INTEREST AND FEES ON CREDIT CARD ACCOUNTS WHEN WIFE FAILED TO MITIGATE HER DAMAGES BY USING FUNDS PREVIOUSLY PAID TO HER BY HUSBAND TO REDUCE THE DEBT AMOUNT ON SAID CARDS, AND BY AWARDING STATUTORY INTEREST ON THIS AMOUNT AND ON THE PROPERTY SETTLEMENT AMOUNT.
 {¶ 10} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF DEFENDANT-APPELLANT HUSBAND, IN ORDERING HUSBAND TO PAY WIFE'S ATTORNEY FEES WHEN NO *Page 4 
EVIDENTIARY HEARING WAS HELD AS TO THE AMOUNT AND REASONABLENESS OF SAID FEES."
 I. {¶ 11} In his First Assignment of Error, appellant contends the trial court erred and abused its discretion in finding him in contempt. We disagree.
 {¶ 12} Contempt has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, 455 N.E.2d 691. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. In reMittas (Aug. 6, 1994), Stark App. No. 1994CA00053. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 13} In the case sub judice, appellee alleged that appellant had failed to pay the property settlement within seven days of the decree of divorce, as ordered therein, and had further failed to pay the property settlement within fourteen days of the court's second-chance post-decree order of January 4, 2007. In his defense to the allegations, appellant maintained that he and appellee had reached an oral agreement that she would take title to the real property owned by appellant on Carmont Avenue, Massillon, *Page 5 
Ohio, in lieu of payment, thus covering an additional $80,000 of the $100,000 of the settlement amount. Tr. at 8.
 {¶ 14} However, this Court has frequently recognized the axiom that a court speaks through its journal. See, e.g., State v. Smith, Licking App. No. 04CA9, 2004-Ohio-3743, ¶ 27, citing State ex rel. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. No modification to the decree of divorce was ever journalized in the case. Moreover, even if the trial court heard appellant's statements pertaining to such a post-decree arrangement between the parties for the purpose of ameliorating the contempt allegation, we recognize that a trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. See Seasons Coal Company v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.
 {¶ 15} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant argues the trial court erred and abused its discretion in recognizing $1,047.62 in accrued late fees and charges on certain marital consumer debts and in awarding statutory interest on said amount, as well as on the original property settlement amount. We disagree.
 {¶ 17} In the original divorce decree in the case sub judice, certain martial debts consisting of amounts owed to CitiFinancial, Radio Shack, WalMart, Citicard, Fashion Bug, Goody's, and Bank of America, totaling approximately $8,900.00, were ordered to be paid "by the [appellee] as part of the property settlement." Decree at ¶ 8. *Page 6 
 {¶ 18} At the contempt hearing of April 5, 2007, appellee set forth that she had incurred late fees and charges totaling $1047.62 related to said debts, from October 2006 to the date of the hearing. Appellant presently urges that since he had paid $20,000.00 toward the $120,000.00 property settlement on January 5, 2007, the consumer debts should have been extinguished pursuant to the decree, and, at most, the statutory interest on the $1047.62 figure should run between October 2006 and January 5, 2007 only. Under the circumstances presented, we find no abuse of discretion in this regard. Moreover, our reading of the judgment entry under appeal does not indicate that interest was ordered as to the $1,047.62 late fees and charges on the consumer debt. Appellee's request for statutory interest instead focused on the seven months of non-payment of the $100,000 which had passed since the decree (i.e. 8% on $100,000 for seven months, which equals $4,666.67). See Tr. at 3.
 {¶ 19} We thus turn to appellant's contention that the award of statutory interest on the remaining $100,000 property settlement amount was erroneous. We first find, in light of our conclusion in regard to appellant's First Assignment of Error, that no reversible error resulted per se from the application of interest on the $100,000 marital property amount still owed by appellant. Appellant nonetheless argues that the utilization of eight percent interest, without further exposition, was violative of the revisions to R.C. 1343.03, which presently calls for statutory interest utilizing the federal short-term interest rate in the calculation. See R.C. 5703.47.[1] *Page 7 
 {¶ 20} At least one appellate court has generally questioned the plenary applicability of R.C. 1343.03 to judgments rendered in domestic relations proceedings. See Hingsbergen v. Kelley, Butler App. Nos. CA2003-02-028, CA2003-02-045, 2003-Ohio-5714, ¶ 17-19. We have held that a trial court is not required to apply the statutory rate in a domestic relations case, and that such an award is left to the discretion of the trial court. See Weaver v. Weaver, Licking App. No. 2003CA00096,2004-Ohio-4212, ¶ 44-45.
 {¶ 21} Upon review, we are unpersuaded the trial court abused its discretion in dealing with the contempt issues in this matter by using an eight percent interest rate on appellant's unpaid obligation.
 {¶ 22} Appellant's Second Assignment of Error is overruled.
 III. {¶ 23} In his Third Assignment of Error, appellant contends the trial court erred and abused its discretion in awarding appellee attorney fees of $2,000.00. We disagree.
 {¶ 24} An award of attorney fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359,481 N.E.2d 609. In contempt actions in domestic relations cases, a trial court may award attorney fees in the absence of supporting evidence when the amount of work and time spent on such a case is apparent. Labriola v.Labriola (Nov. 5, 2001), Stark App. No. 2001 CA00081, unreported, citingWilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94AAPE12-1810.
 {¶ 25} Based on our review of the record and the procedural history of the matter sub judice as outlined supra, particularly appellant's failure to take advantage of the *Page 8 
second chance to avoid contempt he was afforded in January 2007, we find no error or abuse of discretion in the court's award of contempt-related attorney fees to appellee.
 {¶ 26} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
 Wise, J., Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Our research indicates that the statutory formula indeed results in an interest rate of 8% for the year 2007. See, e.g., Jeffers v.Jeffers, Belmont App. No. 07 BE 36, 2008-Ohio-3339, ¶ 24, citing Oct. 16, 2006 Adm. Journal entry of Tax Commr. *Page 1