[Cite as *Babcock v. Babcock*, 2021-Ohio-914.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUSAN BABCOCK | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROBERT BABCOCK | : | Case No. 2020 CA 0011 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 20740168

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             March 22, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SUSAN BABCOCK, PRO SE                      DIANA E. DUDGEON
2500 Glenview Way                         201 North Main Street
Apt. 2500                                 P.O. Box 272
Coshocton, OH  43812                      Urichsville, OH  44683

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Robert Babcock, appeals the August 14, 2020 judgment entry nunc pro tunc of the Court of Common Pleas of Coshocton County, Ohio, finding him in contempt for violating parenting time orders.  Plaintiff-Appellee is Susan Babcock.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties are parents of a child born in 2007.  Appellant is the custodial parent of the child and appellee has court-ordered parenting time.  On October 2, 2019, the trial court found appellant in contempt for violating prior visitation orders.  The trial court imposed fines and jail time, suspended upon appellant's strict compliance with the purge conditions.  The conditions required appellant to allow appellee eight make-up visitations to be exercised on a Saturday or Sunday for 4 hours per session, at times, dates, and locations of her choosing, and appellant was responsible to transport the child to and from the visits.

{¶ 3}  On January 3, 2020, appellee filed a motion to show cause for contempt, alleging appellant failed to abide by the October purge conditions.  A hearing was held on July 17, 2020.  By judgment entry nunc pro tunc filed August 14, 2020, the trial court found appellant in contempt for failing to allow appellee her visitation time on November 10, 2019.  The trial court imposed fines and jail time, suspended upon appellant's strict compliance with the purge conditions.  The conditions required appellant to not commit any further acts of contempt and to strictly comply with all orders of the court.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF THE COURT'S PARENTING TIME ORDERS WHEN APPELLANT DEMONSTRATED THE IMPOSSIBILITY OF HIS COMPLIANCE WITH THE COURT'S PURGE TERMS."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court abused its discretion in finding him in contempt of parenting time orders when it was impossible for him to purge his contempt. We disagree.

{¶ 7} "A court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings." *Zakany. v. Zakany,* 9 Ohio St.3d 192, 459 N.E.2d 870 (1984). "The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt." *Windham Bank v. Tomaszczyk,* 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph three of the syllabus. "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." *Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (8th Dist.1983).

{¶ 8} We review a contempt finding under an abuse of discretion standard. *Wadian v. Wadian,* 5th Dist. Stark No. 2007CA00125, 2008-Ohio-5009, ¶ 12. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9}   Per the October 2, 2019 trial court orders, appellant was responsible to transport the child to and from the visits.  Appellant admits he missed the November 10, 2019 visit, but argues he presented an impossibility defense and the trial court did not carefully consider it.

{¶ 10} As explained by our colleagues from the Tenth District in *Rife v. Rife,* 10th Dist. Franklin No. 11AP-427, 2012-Ohio-949, ¶ 10:

"Additionally, in a civil contempt proceeding, the movant bears the initial burden of demonstrating by clear and convincing evidence that the other party has violated an order of the court."  *Hopson* [*v. Hopson,* 10th Dist. Franklin No. 04AP-1349, 2005-Ohio-6468] at ¶ 19, citing *Allen v. Allen,* 10th Dist. No. 02AP768, 2003-Ohio-954, ¶ 16.  However, "[o]nce the movant has met her burden, the burden shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence."  *Hopson,* citing *Pugh v. Pugh,* 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984).  Therefore, while "[i]mpossibility is a defense to a contempt of court order, * * * it is incumbent upon the party seeking to raise impossibility of compliance to prove the defense by a preponderance of the evidence."  *Hopson* at *5, citing *State ex rel. Cook v. Cook,* 66 Ohio St. 566, 570, 64 N.E. 567 (1902).

{¶ 11} "Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence

which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

{¶ 12} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 13} Appellant testified he was transporting the child to the scheduled visit when the transmission to his vehicle "just quit." July 17, 2020 T. at 41. It happened about fifteen minutes before the scheduled transfer and within a mile of the transfer point. *Id.* at 42. Appellant did not expect to have any issues with his vehicle. *Id.* at 51. He called a tow truck company and then called appellee and told her to come and pick up the child because he was waiting on the tow truck. *Id.* at 42. Appellant testified appellee did not believe him and called him a liar. *Id.* Appellee testified she never received a phone call. *Id.* at 29-31. Appellant presented his Visa card statement showing a charge from Prince's Wrecker Service with a transaction date of November 15, 2019, and a posting date of November 18, 2019. *Id.* at 43; Defendant's Exhibit A. When questioned by the trial court on the discrepancies regarding the date of the towing service in relation to the November 10, 2019 missed visitation, appellant agreed the exhibit indicates he called the tow truck company, but does not indicate it happened on the 10th. *Id.* at 52-54. Appellant could not find his towing receipt. *Id.* at 43. He admitted his proof about having his vehicle towed on the 10th was his testimony. *Id.* at 54. He did not have the vehicle repaired as of the hearing date in July 2020. *Id.* at 46. When questioned by the trial court as to why he did not walk the one mile to the transfer

point, appellant stated it was cold, about 35 degrees, and raining. *Id.* at 57, 63. He told the trial court he could walk a mile, "but it's not very easy for me. I'm 67 years old." *Id.* at 59. Appellant made up for the missed visitation the very next weekend and provided transportation. *Id.* at 47. Appellee could not remember if she received a make-up time for the missed visit of November 10th. *Id.* at 35.

{¶ 14} In its August 14, 2020 judgment entry nunc pro tunc, the trial court found appellant in contempt, stating: "The Father is found to have willfully violated the Court's parenting time order on November 10, 2019 in failing to allow the Mother her time. The Court finds that the Father's efforts on that date to transport the child to the visit were insufficient." The trial court noted this was appellant's second contempt.

{¶ 15} In the October 2, 2019 order, the trial court found appellant in contempt for willfully violating its orders on eight different occasions. The trial court imposed fines and jail time which were suspended "upon Father's *strict* compliance with the purge conditions." (Emphasis added.) The conditions required appellant to allow appellee eight make-up visitations at times, dates, and locations of her choosing, and appellant was responsible to transport the child to and from the visits. Another condition was that appellant "shall commit no further acts of contempt"; yet he committed an act of contempt one month later by failing to transport the child to the transfer point for appellee's visitation. Although appellant argued the impossibility defense because his vehicle had broken down, the trial court found his efforts to be insufficient.

{¶ 16} Based on the standards of review as cited above and the evidence presented, we cannot say the trial court abused its discretion in finding appellant in contempt. The trial court was in the best position to view the demeanor and attitude of

the witnesses and determine their credibility. We cannot say appellant proved his impossibility defense by a preponderance of the evidence.

{¶ 17} Upon review, we find the trial court did not err in finding appellant in contempt.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

J. Wise, J. concur.

EEW/db